# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIZITO OKOROANYANWU,<br>Plaintiff,<br>v.<br>MV TRANSPORTATION, INC., et al.,<br>Defendants. | CASE NO. 1:20-cv-00584-AWI-SKO<br>**FIRST SCREENING ORDER**<br>**(Doc. 4)**<br>**21-DAY DEADLINE** |

## I.   INTRODUCTION

On April 23, 2020, Plaintiff, proceeding pro se, filed a civil complaint against Defendants MV Transportation, Inc. ("MVT"), and MVT supervisors Mark Anaya and Scott German. (Doc. 1.) Plaintiff alleges claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112 *et seq.*, related to the termination of his employment with MV Transportation. (*See id.* at 4.) The original complaint seeks compensatory damages in the amount of $250,000. (*Id.* at 18.) Plaintiff also filed an application to proceed *in forma pauperis*, which was granted on April 28, 2020. (Docs. 2, 3.)

On May 19, 2020, pursuant to Fed. R. Civ. P. 15, Plaintiff filed a first amended complaint ("FAC") alleging the same claims but amending his request for relief, requesting (1) $35,000 for lost wages; (2) $100,000 for compensatory damages; and (3) $200,000 for punitive damages. (Doc. 4 at 48.)

Plaintiff's FAC is now the operative complaint and is before the Court for screening. The Court finds Plaintiff has not stated a cognizable claim, but may be able to correct the deficiencies in his pleading. Thus, Plaintiff is provided the pleading and legal standards for his claims and is granted leave to file a second amended complaint.

**A.   Screening Requirement and Standard**

The Court is required to screen complaints in cases where the plaintiff is proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 28 U.S.C. § 1915(e)(2)(B). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).

The Court's screening of the complaint is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what Plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**B.   Pleading Requirements**

Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). Moreover, since Plaintiff is appearing *pro se*, the Court must

1 construe the allegations of his complaint liberally and must afford Plaintiff the benefit of any doubt.
2 *See Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).  However, "the
3 liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams*,
4 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply
5 essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*,
6 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir.
7 1982)).

8 Further, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'
9 requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of
10 action will not do . . . . Factual allegations must be enough to raise a right to relief above the
11 speculative level." *See Twombly*, 550 U.S. at 555 (internal citations omitted); *see also Iqbal*, 556
12 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient
13 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has
14 facial plausibility when the plaintiff pleads factual content that allows the court to draw the
15 reasonable inference that the defendant is liable for the misconduct alleged.") (internal citations
16 omitted).

**II. DISCUSSION**

**A. Plaintiff's Allegations**

Plaintiff alleges that MVT hired him as an operations manager in 2018. (*See* Doc. 4 at 22.) Plaintiff states that on multiple occasions shortly after he began working for Defendants, they accused him of improperly assigning an outside contractor to drive vehicles owned by MVT, improperly telling MVT applicants "to obtain MVT hiring approval from an outside . . . contractor," failing to follow instructions regarding various tasks, and many other instances of improper and negligent conduct as an MVT employee. (*See id.* at 22–24.) Plaintiff denies being involved in any vehicle assignment or hiring decisions and denies committing any violations of MVT's policies. (*See id.*)

Plaintiff does not allege in his FAC when he was terminated, for what reason he was allegedly terminated, or any facts related to discrimination. In his Charge of Discrimination, submitted to the Equal Employment Opportunity Commission ("EEOC") on May 21, 2019 and attached to the FAC, Plaintiff states he was terminated on October 2, 2019, "because [he] put contractor information in the company's messaging system," but Plaintiff "believe[s] that [he] was discharged because of [his] Race, Black, and National Origin, Nigerian, in violation of Title VII of the Civil Rights Act of 1964, as amended." (*Id.* at 5.)

**B.   Shotgun Pleading**

A "[s]hotgun pleading occurs when one party pleads that multiple parties did an act, without identifying which party did what specifically; or when one party pleads multiple claims, and does not identify which specific facts are allocated to which claim." *Hughey v. Drummond*, No. 2:14-cv-00037-TLN-AC, 2014 WL 579365, at *5 (E.D. Cal. Nov. 6, 2014) (citation omitted). This violates Rule 10 of the Federal Rules of Civil Procedure, which requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and Rule 8, which requires that the complaint contain a "short and plain statement" of entitlement to relief.

Here, as set forth below, Plaintiff may be able to allege cognizable claims, but the major deficiency with the FAC as currently pleaded is that it is an impermissible "shotgun" pleading. Plaintiff's FAC alleges various claims but does not clearly state which claim is alleged against which defendant, and which specific facts support each claim. Further, Plaintiff's complaint must be organized in numbered paragraphs, each limited to a single set of circumstances. *See* Fed. R. Civ. P. 10. As currently drafted, it is organized in a confusing manner, with certain pages from a form complaint, the Charge of Discrimination, multiple different letters and emails, and a section of "Facts" that purports to be a response to Defendants' letter regarding Plaintiff's allegations. (*See* Doc. 4.) Plaintiff also fails to include sufficient facts regarding his termination, other than that he

was terminated, and fails to include allegations in the body of the FAC regarding discrimination or his termination, and only includes some of those facts in the Charge of Discrimination attached to the FAC.  (*See id.* at 8.)

This is not permissible because it does not give Defendants "fair notice" of the claims against which they must defend and the facts and legal theories that give rise to the claims.  *See* Fed. R. Civ. P. 8(a)(2).  In any second amended complaint, **Plaintiff must clearly state which claim is against which Defendant, the legal basis for the claim, and the facts that support and show that the specific defendant committed the violation asserted as the legal basis for the claim.  *See* Fed. R. Civ. P. 8(a).  Plaintiff also must draft his complaint as numbered paragraphs with each paragraph relating to a single set of circumstances, and must include all relevant facts in the body of the complaint, as opposed to in separate letters and documents attached to the complaint.  *See* Fed. R. Civ. P. 10.**

**C.     Plaintiff Fails to State a Cognizable Claim Under Title VII**

**1.     Title VII Discrimination**

**a.     Disparate Treatment**

Title VII states that it is an unlawful employment practice for an employer to discriminate against an employee because of her "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(b).  To establish a prima facie case of intentional discrimination or "disparate treatment"[1] under Title VII, a plaintiff must show that: "(1) he is a member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse employment action; and (4) similarly

---

[1] A plaintiff may also allege a Title VII discrimination claim under a theory of "disparate impact." *See Harris v. City of Fresno*, 625 F. Supp. 2d 983, 995 (E.D. Cal. May 26, 2009).  Under that theory, the plaintiff must: "(1) show a significant disparate impact on a protected class or group; (2) identify the specific employment practices or selection criteria at issue; and (3) show a causal relationship between the challenged practices or criteria and the disparate impact." *Id.*  Plaintiff does not appear to allege a "disparate impact" claim, does not allege facts sufficient to put Defendants on notice of a disparate impact claim and does not show that he alleged sufficient facts in his Charge of Discrimination to put Defendants on notice of the claim.  *See Goethe v. Dept. of Motor Vehicles*, No. 2:07-CV-01945-MCE-GGH, 2008 WL 489554, at *5 (E.D. Cal. Feb. 20, 2008) (a plaintiff's EEOC charge must have "provide[d] notice to the investigative body of a disparate impact claim.").

situated individuals outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004); *see also Raad v. Fairbanks North Star Borough School Dist.*, 323 F.3d 1185, 1195–96 (9th Cir. 2003) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)).

At the pleading stage, a plaintiff is not required to allege specific facts establishing each of these four elements to make out the type of prima facie case required at the evidentiary stage. *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 510 (2002); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007) (reaffirming *Swierkiewicz*). The plaintiff must, however, allege facts sufficient to put the defendant on fair notice of the basis for the claims, including, for example, that the plaintiff's employer discriminated against the plaintiff because of their race, color, religion, sex, or national origin and facts to support that assertion, and at least some facts regarding the adverse employment action and the events leading up to the adverse employment action. *See Swierkiewicz*, 534 U.S. at 514; *see also Fresquez v. County of Stanislaus*, No. 1:13-cv 1897-AWI-SAB, 2014 WL 1922560, at *2 (E.D. Cal. May 14, 2014) ("[W]hile a plaintiff need not plead facts constitut[ing] all elements of a prima facie employment discrimination case [] to survive a motion to dismiss, courts look to those elements . . . so as to decide, in light of judicial experience and common sense, whether the challenged complaint contains sufficient factual matter, accepted as true, to state a [plausible] claim to relief.").

Here, the Court finds that Plaintiff has not pleaded sufficient facts to put Defendants on fair notice of the claims of discrimination against them. Plaintiff has not sufficiently pleaded he was discriminated against based on his "race, color, religion, sex, or national origin" as required under Title VII. *See* 42 U.S.C. § 2000e–2(b), and instead simply recites plausible bases Defendants offered for his termination and states that they are all "false." (*See* Doc. 4 at 21–25.) Plaintiff fails to give any factual basis for alleged discrimination, and does not even allege in the body of the FAC

that he experienced discrimination.  Rather, the only mention of discrimination in the document filed by Plaintiff is in the Charge of Discrimination, which states in a conclusory fashion that Plaintiff "believe[s] that [he] was discharged because of [his] Race, Black, and National Origin, Nigerian[.]" (*Id.* at 8.)  Thus, Plaintiff does not allege any facts to show that the adverse employment action—his termination—occurred because of his membership in a particular class.  In any second amended complaint, Plaintiff must allege at least some facts regarding alleged discrimination, to give Defendants fair notice of how Plaintiff claims they discriminated against him.  *See Swierkiewicz*, 534 U.S. at 514.

### b. Hostile Work Environment

Title VII also allows an employee to bring a claim under a "hostile work environment" theory.  *See Guthrie v. Hurwitz*, No. 1:18-cv-282 AWI-BAM, 2018 WL 6460093, at *4 (E.D. Cal. Dec. 10, 2018).  To establish a discrimination claim under this theory, the plaintiff must show (1) verbal or physical conduct of a harassing nature that was "(2) unwelcome and (3) sufficiently severe or pervasive to alter the conditions of her employment and create an abusive working environment." *Id.* (citing *Arizona ex rel. Horne v. Geo Grp., Inc.*, 816 F.3d 1189, 1206 (9th Cir. 2016)).  As with a disparate treatment claim under Title VII, the plaintiff need not establish each of these elements to survive the pleadings stage, but "the Court must consider the elements when determining if the complaint contains sufficient factual matter, accepted as true, to state a plausible claim for relief." *Id.* (citations omitted).  The plaintiff must allege "specific facts that constitute a hostile work environment" and must allege that the environment was created because of the plaintiff's "race, color, religion, sex, or national origin." *See Morgan v. Napolitano*, No. CIV. S-09-2649 LKK/DAD, 2010 WL 3749260, at *4 (E.D. Cal. Sept. 23, 2010); 42 U.S.C. § 2000e–2(b).

Here, Plaintiff alleges only that Defendants disciplined and chastised him on the bases of "false" allegations of poor work performance.  (Doc. 4 at 21–25.)  This is insufficient to state a claim for Title VII discrimination under a hostile work environment theory.  Plaintiff does not claim

7

that any alleged hostile work environment was created because of his "race, color, religion, sex, or national origin," does not allege sufficient facts about the allegedly hostile work environment, and does not allege facts to support that whatever actions constituted a hostile work environment were "sufficiently severe or pervasive to alter the conditions of [his] employment." *See Guthrie*, 2018 WL 6460093, at *4; 42 U.S.C. § 2000e–2(b); *Morgan*, 2010 WL 3749260, at *4. At most, Plaintiff simply claims that Defendants chastised Plaintiff for what they believed were improper and negligent actions on the job. (*See* Doc. 4.) To set forth a cause of action, Plaintiff must allege additional facts to state a claim under a hostile work environment theory.

### 2. Title VII Retaliation

The anti-retaliation provision of Title VII prohibits retaliatory employment actions against an employee because he has "opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing [pursuant to Title VII.]" 42 U.S.C. § 2000e–3. "To establish a claim of retaliation, a plaintiff must prove that (1) the plaintiff engaged in a protected activity, (2) the plaintiff suffered an adverse employment action, and (3) there was a causal link between the plaintiff's protected activity and the adverse employment action." *Poland v. Chertoff*, 494 F.3d 1174, 1179–80 (9th Cir. 2007).

Plaintiff has also failed to allege sufficient facts to put Defendant on notice of a potential Title VII retaliation claim. Plaintiff alleges in the complaint that he experienced an adverse employment action, but does not allege that the adverse employment action was based on any protected activity he was engaged in. *See Morgan v. Napolitano*, No. CIV. S-09-2649 LKK/DAD, 2010 WL 2219200, at *6 (E.D. Cal. June 1, 2010) ("[P]laintiff must allege facts that demonstrate that these EEO complaints were brought under Title VII. Specifically, these employees must have brought claims alleging discrimination because of race, color, religion, sex, or national origin."). Plaintiff must also allege facts showing that he "opposed" an employment practice made unlawful

under Title VII. *See id.*; 42 U.S.C. § 2000e–3. Without these allegations, Plaintiff fails to state a claim for Title VII retaliation.

**D.     Plaintiff Fails to State a Cognizable Claim under the ADEA**

**1.     ADEA Discrimination**

**a.     Disparate Treatment**

The ADEA makes it illegal for an employer:

(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;

(2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or

(3) to reduce the wage rate of any employee in order to comply with [the ADEA].

29 U.S.C. § 623(a). To establish a prima facie case of age discrimination under the disparate treatment theory of the ADEA[2] a plaintiff must show she: "(1) was a member of the protected class (aged 40 or older); (2) was performing [her] job satisfactorily; (3) was discharged; and (4) was replaced by a substantially younger employee with equal or inferior qualifications or some other circumstances that would lead to an inference of age discrimination." *Brazill v. California Northstate College of Pharmacy, LLC*, 904 F. Supp. 2d 1047, 1052 (E.D. Cal. Oct. 24, 2012) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000); *Rose*, 902 F.2d at 1421).[3] A plaintiff may also state a claim under the ADEA by alleging he or she was demoted, instead of discharged. *See Jones v. Lehigh Southwest Cement Co., Inc.*, No. 1:12-cv-0633 AWI JLT, 2013

---

[2] There is also a disparate impact theory under the ADEA, but Plaintiff does not appear to allege her ADEA claim under a disparate impact theory. Under the disparate impact theory, the plaintiff must actually allege facts about the disparate impact and how it manifested, in addition to the factors of the disparate treatment theory, and show that the disparate impact claim was alleged in the Charge of Discrimination to put the defendants on notice of it. *See Rose v. Wells Fargo & Co.*, 902 F.2d 1417, 1421 (9th Cir. 1990); *Goethe*, 2008 WL 489554, at *5.

[3] As with claims brought under Title VII, "[a] plaintiff in an ADEA case is *not* required to plead a *prima facie* case of discrimination in order to survive a motion to dismiss" or screening of the complaint. *See Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1050 n.2 (9th Cir. 2012). However, if the "plaintiff pleads a plausible *prima facie* case of discrimination, the plaintiff's complaint will be sufficient to survive a motion to dismiss." *Id.*

WL 3006418, at *6 (E.D. Cal. June 14, 2013) (citing *O'Connor v. Counsol. Coin Caterers Corp.*, 517 U.S. 308, 310 (1996)).

Plaintiff fails to state a claim under the ADEA. First, Plaintiff does not specifically allege his age in the body of the complaint (although he does list his date of birth in the Charge of Discrimination), does not allege that the person who replaced him after he was terminated was younger and of an age that is outside the protected class, and does not allege he was replaced by another individual at all. *See Jones*, 2013 WL 3006418, at *6 ("Plaintiff's ADEA claim was dismissed from the original complaint because Plaintiff failed to allege his own age; the claim was dismissed from the First Amended Complaint because Plaintiff failed to allege that the person who replaced him was outside the protected class."). Because "the ADEA is more circumscribed" than Title VII, an ADEA claim requires that the plaintiff be "replaced by an individual who is not more qualified and who is not within the age range protected by the ADEA." *Jones*, 2013 WL 3006418, at *6. Finally, Plaintiff does not allege that he was discriminated against based on age, but only checks the box for the ADEA in the complaint form. (*See* Doc. 4 at 3.) Thus, Plaintiff must plead those facts and allegations in any second amended complaint to sufficiently allege an ADEA claim.

      **b.**     **Hostile Work Environment**

As with a claim under Title VII, to establish an ADEA claim under a hostile work environment theory, a plaintiff must show (1) verbal or physical conduct of a harassing nature that was "(2) unwelcome and (3) sufficiently severe or pervasive to alter the conditions of her employment and create an abusive working environment." *See Guthrie*, 2018 WL 6460093, at *4. The plaintiff must also allege "specific facts that constitute a hostile work environment" and must allege that the environment was created because of the plaintiff's age. *See Morgan*, 2010 WL 3749260, at *4. As stated above, Plaintiff fails to allege sufficient facts regarding the alleged hostile work environment, and he also fails to allege that it was created because of his age. Accordingly, Plaintiff fails to state a claim for an ADEA violation based on a hostile work environment theory.

### 2. ADEA Retaliation

To establish a prima facie case of retaliation under the ADEA, as with a Title VII retaliation claim, the plaintiff "must establish (1) that he engaged in a protected activity; (2) that he suffered an adverse employment decision; and (3) that a causal link exists between the protected activity and the employment decision." *Whitshitt v. Barbosa*, No. CIV S-06-0397 MCE JFM PS, 2007 WL 1725487, at *3 (E.D. Cal. June 14, 2007) (citing *Lyons v. England*, 307 F.3d 1092, 1118 (9th Cir. 2002)).

Plaintiff fails to state a claim for ADEA retaliation because he does not allege any protected activity, such as a lawsuit based on ADEA violations, or that he made complaints about age discrimination exhibited by his employer. *See Poland*, 494 F.3d at 1179. Plaintiff must allege that he opposed practices of his employer that are illegal under the ADEA, and then suffered an adverse employment action because of his opposition (and facts to support those assertions), to state a retaliation claim under the ADEA. *See Whitsitt*, 2007 WL 1725487, at *3.

### E. Plaintiff Fails to State a Claim Under the ADA

To sufficiently allege a retaliation claim for wrongful termination under the ADA—as it appears Plaintiff is trying to allege—a plaintiff must allege facts sufficient to show (1) involvement in a protected activity, (2) an adverse employment action, and (3) a causal link between the two. *Brown v. City of Tucson*, 336 F.3d 1181, 1186–87 (9th Cir. 2003). Here, Plaintiff alleges no facts to show that he has a disability or that he engaged in any activity protected under the ADA, details about the disability or protected activity, or facts showing a causal connection between the protected activity and Plaintiff's termination. Thus, Plaintiff's claim is not sufficiently pled and must be dismissed with leave to amend. *See Iqbal*, 556 U.S. at 678 ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (internal citation and quotation marks omitted).

11

### III.     CONCLUSION AND ORDER

Plaintiff has failed to state a plausible claim for relief under Title VII, the ADEA, or the ADA. Therefore, his complaint is subject to sua sponte dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii). *See Lopez*, 203 F.3d at 1126–27.

As noted above, the Court will provide Plaintiff with an opportunity to amend his claims and cure, to the extent possible, the identified deficiencies. *See id.* at 1130. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state sufficient information to make out a claim under Title VII, the ADEA, and/or the ADA, *Iqbal*, 556 U.S. at 678–79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012) (*en banc*). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." *See* E.D. Cal. L.R. 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff is granted leave to file a second amended complaint; and
2. Within twenty-one (21) days from the date of service of this order, Plaintiff must file a second amended complaint curing the deficiencies identified by the Court in this order, or a notice of voluntary dismissal.

**If Plaintiff fails to file an amended complaint in compliance with this order, the undersigned will recommend to the assigned district judge that this action be dismissed for failure to state a claim and to obey a court order.**

IT IS SO ORDERED.

Dated:    **July 30, 2020**                              /s/ *Sheila K. Oberto*

UNITED STATES MAGISTRATE JUDGE