# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIZITO OKOROANYANWU,<br><br>  Plaintiff,<br><br>  v.<br><br>MV TRANSPORTATION, INC., et al.,<br><br>  Defendants.<br>_____/ | **CASE NO. 1:20-cv-00584-AWI-SKO**<br><br>**FINDINGS AND RECOMMENDATIONS THAT ACTION PROCEED AGAINST DEFENDANT MV TRANSPORTATION, INC. AND PLAINTIFF'S CLAIMS AGAINST DEFENDANTS MARC ANAYA AND SCOTT GERMANN BE DISMISSED**<br><br>(Doc. 7)<br><br>**OBJECTIONS DUE: 21 DAYS** |

### I.   BACKGROUND

On April 23, 2020, Plaintiff, proceeding pro se, filed a civil complaint against Defendants MV Transportation, Inc. ("MVT"), and MVT supervisors Marc Anaya ("Defendant Anaya") and Scott Germann ("Defendant Germann") (collectively, Defendants).  (Doc. 1.) Plaintiff alleged claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq*., the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112 *et seq*., related to the termination of his employment with MVT.  (*See id*. at 4.)   The original complaint sought compensatory damages in the amount of $250,000.  (*Id*. at 18.)   Plaintiff also filed an application to proceed *in forma pauperis*, which was granted on April 28, 2020.  (Docs. 2, 3.)

On May 19, 2020, pursuant to Fed. R. Civ. P. 15, Plaintiff filed a first amended complaint alleging the same claims and amending his request for relief, requesting (1) $35,000 for lost wages; (2) $100,000 for compensatory damages; and (3) $200,000 for punitive damages. (Doc. 4 at 48.) On July 31, 2020, the undersigned found that Plaintiff's first amended complaint failed to state a cognizable federal claim. (Doc. 5.)

Following an order to show cause (Doc. 6), Plaintiff filed a second amended complaint (SAC) against Defendants alleging claims solely under Title VII. (*See* Doc. 7 ("SAC").) The SAC is the operative complaint and is before the Court for screening. For the reasons that follow, the undersigned recommends that this action proceed against Defendant MVT on Plaintiff's Title VII claims and that Plaintiff's claims against Defendants Anaya and Germann be dismissed.

**A.    Screening Requirement and Standard**

The Court is required to screen complaints in cases where the plaintiff is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 28 U.S.C. § 1915(e)(2)(B). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).

The Court's screening of the complaint is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what Plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**B.     Pleading Requirements**

Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). Moreover, since Plaintiff is appearing pro se, the Court must construe the allegations of his complaint liberally and must afford Plaintiff the benefit of any doubt. *See Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Further, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555 (internal citations omitted); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (internal citations omitted).

///

**II.     DISCUSSION**

### A. Plaintiff's Allegations

Plaintiff alleges he was employed by "Defendants" as an operations manager in MVT's Selma, California office in 2018. (SAC at 9, 11.) According to Plaintiff, his immediate supervisor was Defendant Anaya, the general manager of the MVT Selma office. (*Id*. at 11.) Plaintiff alleges that Defendant Anaya's direct supervisor was Defendant Germann, who held the title of regional vice president for MVT. (*Id*.) Plaintiff alleges he has worked in the transit industry for over a decade. (*Id*. at 9.)

Plaintiff states that Defendant Anaya "routinely made derogatory comments based on race, including comments about Black people," such as he would not hire a Black person because "he does not have a car," that a Black job applicant "does drugs—just look at him," and that Black people are "lazy." (SAC at 11.) Plaintiff alleges that Defendant Anaya's "no-Black hire" policy "operated as a "no-Black person policy and/or practice" and had an "adverse and disproportionate impact" on Plaintiff because of his Nigerian national origin. (*Id*. at 16–17.) According to Plaintiff, he was also discriminated on the basis of his race (Black) by "treating him differently from his Latina coworkers, including in office assignment [and] office furniture." (*Id*. at 19.)

Plaintiff further alleges that Defendant Anaya threatened to fire "any employee who does not obey him," including operations managers like Plaintiff. (SAC at 12.) According to Plaintiff, Defendant Anaya made similar "derogatory and threatening statements almost on a weekly basis." (*Id*. at 15.) Plaintiff states that he was subjected to harassment by Defendants Anaya and Germann because of his Nigerian national origin, and that he provided "management level personnel," including Defendant Germann, with "information sufficient to raise a probability of national origin harassment in the mind of a reasonable employer." (*Id*. at 17–18.)

Plaintiff claims that Defendant Anaya told him he was being fired for putting "Contractors names on [MVT's] systems," but he was not provided any termination document or letter which indicated the reason for the termination. (SAC at 15–16.) According to Plaintiff, Defendant Anaya sent a text message to all employees stating that he had fired

Plaintiff, which caused him pain. (*Id*. at 16.) Plaintiff alleges that his termination, as well as prior threats of termination, "scapegoating," and "intimidation," were the result of formal and informal complaints made by Plaintiff to MVT's corporate office and employees "opposing Defendants' unlawful, discriminatory practices based on national origin and race." (*Id*. at 20.) Plaintiff states that despite email and phone calls between him, Defendant Anaya, Defendant Germann, and MVT corporate office employees that gave "explicit notice of discriminatory conduct," Defendants "failed to investigate and/or take any corrective measures to prevent discrimination and harassment in the workplace and subsequent termination." (*Id*. at 16.) Plaintiff states that he obtained his Notice of Right to Sue letter from the EEOC on or around January 24, 2020. (*Id*. at 11.)

**B.     Plaintiff's Claims**

Plaintiff brings claims under Title VII for national origin (disparate impact) and race (disparate treatment) discrimination, hostile work environment, and retaliation. (SAC at 16–20.) As discussed below, the Court finds that Plaintiff's allegations state cognizable claims under Title VII against MVT, on which he should be allowed to proceed. However, Plaintiff's Title VII claims against the individual defendants Anaya and Germann fail as a matter of law and are subject to dismissal.

**1.     Title VII: National Origin Discrimination (Disparate Impact)**

Title VII provides that it is an unlawful employment practice for an employer to discriminate against an employee because of his "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(b). To establish a prima facie case of disparate impact under Title VII, a plaintiff must plead: "(1) the existence of outwardly neutral practices; (2) a significantly adverse or disproportionate impact on persons of a particular type produced by the defendant's facially neutral acts or practices; and (3) facts demonstrating a causal connection between the specific challenged practice or policy and the alleged disparate impact." *Thomas v. San Francisco Housing Authority*, No. 16-cv-03819-CRB, 2018 WL 1184762, at *4 (N.D. Cal. March 7, 2018) (quoting *Hernandez v. Sutter West Capital*, No. C 09-03658 CRB, 2010 WL 3385046, at *3

(N.D. Cal. Aug. 26, 2010) ) (citing *Pfaff v. U.S. Dept. of Housing and Urban Dev*., 88 F.3d 739, 745 (9th Cir. 1990) ); *see Paige v. California*, 291 F.3d 1141, 1144 (9th Cir. 2002) ("In order to make a prima facie case of 'disparate impact' under Title VII, the plaintiffs must show 'that a facially neutral employment practice has a 'significantly discriminatory' impact upon a group protected by Title VII.' ") (citing *Moore v. Hughes Helicopters, Inc.*, 708 F.2d 475, 481 (9th Cir. 1983) ); *Hemmings v. Tidyman's Inc*., 285 F.3d 1174, 1190 (9th Cir. 2002) ("To establish a prima facie case of disparate impact under Title VII, [a plaintiff] must: (1) show a significant disparate impact on a protected class or group; (2) identify the specific employment practices or selection criteria at issue; and (3) show a causal relationship between the challenged practices or criteria and the disparate impact.") (citing *Atonio v. Wards Cove Packing Co., Inc*., 810 F.2d 1477, 1482 (9th Cir. 1987) (*en banc*)).

In this case, Plaintiff alleges that Defendant Anaya's "no-Black hire policy" resulted in a only two Black persons being employed in MVT's Selma office, which had an adverse impact on Plaintiff due to his national origin (Nigerian). Construing the SAC liberally, the Court finds that Plaintiff's allegations state a cognizable claim for Title VII disparate impact discrimination.

### 2. Title VII: Race Discrimination (Disparate Treatment)

To establish a prima facie case of intentional discrimination or "disparate treatment" under Title VII, a plaintiff must show that: "(1) he is a member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Peterson v. Hewlett-Packard Co*., 358 F.3d 599, 603 (9th Cir. 2004); *see also Raad v. Fairbanks North Star Borough School Dist*., 323 F.3d 1185, 1195–96 (9th Cir. 2003) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)).

At the pleading stage, a plaintiff is not required to allege specific facts establishing each of these four elements to make out the type of prima facie case required at the evidentiary stage. *Swierkiewicz v. Sorema, N.A*., 534 U.S. 506, 510 (2002); *see also Twombly*, 550 U.S. at 569–70

(reaffirming *Swierkiewicz*). The plaintiff must, however, allege facts sufficient to put the defendant on fair notice of the basis for the claims, including, for example, that the plaintiff's employer discriminated against the plaintiff because of their race, color, religion, sex, or national origin and facts to support that assertion, and at least some facts regarding the adverse employment action and the events leading up to the adverse employment action. *See Swierkiewicz*, 534 U.S. at 514; *see also Fresquez v. County of Stanislaus*, No. 1:13-cv 1897-AWI-SAB, 2014 WL 1922560, at *2 (E.D. Cal. May 14, 2014) ("[W]hile a plaintiff need not plead facts constitut[ing] all elements of a prima facie employment discrimination case [] to survive a motion to dismiss, courts look to those elements . . . so as to decide, in light of judicial experience and common sense, whether the challenged complaint contains sufficient factual matter, accepted as true, to state a [plausible] claim to relief.").

Here, the Court finds that, liberally construed, Plaintiff's allegations are sufficient to put MVT on fair notice of his claim of intentional discrimination under Title VII. He alleges he was discriminated against based on his race (Black), that he was qualified for the position of operations manager by virtue of his job experience, and that his termination and other employment actions, such as office assignment, were due to his race. *See Swierkiewicz*, 534 U.S. at 514. Plaintiff has therefore stated a cognizable claim.

**3.     Title VII: Hostile Work Environment**

Title VII also allows an employee to bring a claim under a "hostile work environment" theory. *See Guthrie v. Hurwitz*, No. 1:18-cv-282 AWI-BAM, 2018 WL 6460093, at *4 (E.D. Cal. Dec. 10, 2018). To establish a claim under this theory, the plaintiff must show (1) verbal or physical conduct of a harassing nature that was "(2) unwelcome and (3) sufficiently severe or pervasive to alter the conditions of her employment and create an abusive working environment." *Id.* (citing *Arizona ex rel. Horne v. Geo Grp., Inc.*, 816 F.3d 1189, 1206 (9th Cir. 2016)). As with a disparate treatment claim under Title VII, the plaintiff need not establish each of these elements to survive the pleadings stage, but "the Court must consider the elements when determining if the complaint contains sufficient factual matter, accepted as true, to state a

plausible claim for relief." *Id*. (citations omitted).  The plaintiff must allege "specific facts that constitute a hostile work environment" and must allege that the environment was created because of the plaintiff's "race, color, religion, sex, or national origin."  *See Morgan v. Napolitano*, No. CIV. S-09-2649 LKK/DAD, 2010 WL 3749260, at *4 (E.D. Cal. Sept. 23, 2010); 42 U.S.C. § 2000e–2(b).

Here, Plaintiff alleges that he was regularly subjected to harassing, abusive, and derogatory comments about Black people by his supervisor Defendant Anaya.  Construing the allegations liberally, Plaintiff states a cognizable claim for hostile work environment under Title VII.

### 4. Title VII: Retaliation

The anti-retaliation provision of Title VII prohibits retaliatory employment actions against an employee because he has "opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing [pursuant to Title VII.]"  42 U.S.C. § 2000e–3.  "To establish a claim of retaliation, a plaintiff must prove that (1) the plaintiff engaged in a protected activity, (2) the plaintiff suffered an adverse employment action, and (3) there was a causal link between the plaintiff's protected activity and the adverse employment action."  *Poland v. Chertoff*, 494 F.3d 1174, 1179–80 (9th Cir. 2007).

Liberally construing the SAC, the Court finds that Plaintiff has pleaded sufficient facts to put MVT on notice of a potential Title VII retaliation claim.  Plaintiff alleges in the SAC that his termination and other employment actions were the result of his complaints to MVT's corporate office and employees concerning discrimination and harassment based on his race (Black) and national origin (Nigerian).  Plaintiff has therefore stated a cognizable claim.

### 5. Title VII: Defendants Anaya and Germann

Plaintiff names MVT supervisory employees Marc Anaya and Scott Germann as defendants.  However, the Ninth Circuit has consistently held that non-employer individuals cannot be held personally liable under Title VII.  *Holly D. v. California Institute of Technology*,

339 F.3d 1158, 1179 (9th Cir. 2003) (affirming the district court's grant of summary judgment in favor of an individual defendant because "[w]e have consistently held that Title VII does not provide a cause of action for damages against supervisors or fellow employees"); *Pink v. Modoc Indian Health Project*, Inc., 157 F.3d 1185, 1189 (9th Cir. 1998) ("[C]ivil liability for employment discrimination does not extend to individual agents of the employer who committed the violations, even if that agent is a supervisory employee."); *Miller v. Maxwell's Intern. Inc.*, 991 F.2d 583, 587–88 (9th Cir. 1993) (Individual defendants cannot be held liable for damages under Title VII even if those defendants were supervisory personnel.)  Therefore, the Court will recommend that Defendants Anaya and Germann be dismissed for failure to state a claim.

### III.     CONCLUSION AND RECOMMENDATIONS

For the reasons set forth more fully above, the Court RECOMMENDS that (1) Plaintiff be allowed to proceed on his Title VII claims against Defendant MV Transportation, Inc., and (2) Defendants Marc Anaya and Scott Germann be dismissed with prejudice.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **twenty-one (21) days** of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:     **December 22, 2020**                      /s/ *Sheila K. Oberto*                 
                                                                          UNITED STATES MAGISTRATE JUDGE